# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHNNY L. PARSONS,**
**Claimant Below, Petitioner**

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0925**  (BOR Appeal No. 2051101)
(Claim No. 0215009104)

**ALFORD HOME SOLUTIONS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny L. Parsons, by Thomas H. Peyton, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alford Home Solutions, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is whether the cervical spine is a compensable body part and whether Mr. Parsons is entitled to medical treatment including a neurological consultation, an MRI of the cervical spine, and OxyContin. On April 2, 2015, the claims administrator denied the addition of the cervical spine as a compensable condition. In a separate order the same day, the claims administrator denied a neurological consultation, an MRI of the cervical spine, and payment for OxyContin. The Office of Judges affirmed both of the claims administrator's April 2, 2015, decisions in its February 1, 2016, Order. The Order was affirmed by the Board of Review on August 31, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 3, 2014, Mr. Parsons was seen in the emergency department of Thomas Memorial Hospital for an injury to the left elbow and left shoulder. He was at work and picked up something heavy and felt a pop in his left elbow and pain in his upper arm radiating to his left shoulder. A left elbow x-ray revealed enthesopathy along the lateral epicondyle. He was diagnosed with a sprained left shoulder, sprained left elbow, and muscle strain of the left upper arm.

1

On September 8, 2014, Mr. Parsons was seen by John Crompton, M.D., for complaints of pain and weakness about the left elbow. He was at work the previous Wednesday, cutting a wall section, when it fell. He was grabbing it and he felt something crunch and a loud pop in his left elbow. He had been experiencing left elbow pain since that time. Dr. Crompton diagnosed a left elbow distal biceps tendon rupture and ordered an MRI.

Mr. Parsons completed the employee section of an Alford Home Solutions accident investigation report on September 11, 2014. He stated he was injured on September 8, 2014, and that he reported the accident to Tony Alford. He injured his left elbow, shoulder, neck, and ruptured a tendon. The remainder of the report, including the section to be completed by the foreman, was left blank.

The claim was held compensable for an injury to the left arm on October 2, 2014. An October 8, 2014, left elbow MRI revealed a tear along the distal aspect of the biceps tendon with adjacent extensive, diffuse soft tissue edema. Mr. Parsons underwent a left bicep repair by Dr. Crompton on October 22, 2014.

On February 19, 2015, Dr. Crompton saw Mr. Parsons for his left shoulder and neck. He continued to have numbness going down his left arm. Dr. Crompton diagnosed cervical radiculopathy. In his opinion, Mr. Parsons needed to have a cervical spine MRI to evaluate for a herniated disc. If MRI revealed a herniated disc, it would be related to the injury. Therefore, the need for the MRI was related to the injury.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on January 13, 2015. He noted the allowed conditions included non-traumatic rupture of biceps tendon and sprain of unspecified site of the left elbow and forearm. Dr. Mukkamala diagnosed rupture of the distal biceps tendon at the left elbow-repaired surgically. He opined that Mr. Parsons had not reached maximum medical improvement. He thought an MRI of the left shoulder was reasonable. Any pathology shown by the MRI would need to be addressed. If the MRI showed no new pathology, then the claimant needed to start physical therapy. The claimant would not reach maximum medical improvement for six more weeks.

Randall Short, D.O., performed a physician review regarding the request for a neurological consult, an MRI of the cervical spine, OxyContin, and to add the cervical spine as a compensable body part on January 29, 2015. Dr. Short noted the emergency room records showed Mr. Parsons was seen for an injury to the left elbow with no mention of the cervical spine. Mr. Parsons denied having an injury to the neck. Additionally, the mechanism of injury along with his description of pain was not consistent with a cervical spine injury. Therefore, Dr. Short recommended denying the addition of the cervical spine as a compensable condition. Dr. Short also recommended that the neurological consult, cervical spine MRI, and OxyContin be denied as the initial medical records did not support a cervical spine injury and all of these requests were directed toward treatment of the cervical spine.

2

The claims administrator denied authorization for the neurological consult, an MRI of the cervical spine, and OxyContin. The claims administrator also denied the request to add the cervical spine as a compensable component of the claim on February 11, 2015. The StreetSelect Grievance Board affirmed the claim administrator's decision to deny the neurological consult, an MRI of the cervical spine, and OxyContin as well as the addition of the cervical spine as a compensable component of the claim on March 31, 2015. On April 2, 2015, the claims administrator denied the addition of cervical spine as a compensable body part and denied a neurological consultation, an MRI of the cervical spine, and OxyContin.

In its February 1, 2016, decision, the Office of Judges found the accident investigation report submitted by Mr. Parsons was not credible as only his portion of the form was completed. The remainder of the form requiring additional signatures by a foreman or manager was left blank. The Office of Judges also noted the first time the cervical spine was listed as a diagnosis by Dr. Crompton was on January 7, 2015, four months after the initial diagnosis. Moreover, the Office of Judges did not find the assertions of Dr. Crompton regarding when Mr. Parsons's complaints of shoulder and cervical spine pain began to be credible. Neither Dr. Mukkamala nor Dr. Short opined the cervical spine should be added as compensable. The Office of Judges agreed with those evaluators. As the neurosurgical consultation, MRI of the cervical spine, and OxyContin were requested for Dr. Crompton's diagnosis of cervical radiculopathy, the denial of the treatment was properly affirmed. The requested treatment was not reasonable and necessary for work injury.

The Board of Review affirmed the Office of Judges Order in its August 31, 2016, Order. After review, we agree with the Board of Review. Dr. Crompton did not mention Mr. Parsons having a cervical spine injury until four months after the initial injury. Moreover, Mr. Parsons did not complain of cervical spine pain until four months after the initial visit to the hospital. Therefore, the Office of Judges properly relied on the opinions Dr. Mukkamala and Dr. Short, both of whom opined the cervical spine should not be held compensable. Further, because the requests for a neurological consultation, MRI of the cervical spine, and payment for OxyContin were for treatment of the cervical spine, the requests were properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**

3

Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker